# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOHN L. CLAY                                                                 PETITIONER

v.                      NO. 5:16-cv-00223 DPM-PSH

WENDY KELLEY, Director of the                          RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

I. STATE COURT PROCEEDINGS. On July 14, 2014, petitioner John L. Clay ("Clay") appeared in Pulaski County Circuit Court, First Division, and entered pleas of nolo contendere to the following charges in the following five criminal cases:

1. three counts of aggravated robbery, three counts of theft of property, and one count of possession of a weapon by certain persons in case number 2012-2654 ("2654"), see Document 9, Exhibit 1;

2. one count of residential burglary and one count of theft of property in case number 2012-2489 ("2489"), see Document 9, Exhibit 2;

3. one count of aggravated robbery and one count of theft of property in case number 2012-2532 ("2532"), see Document 9, Exhibit 3;

4. one count of possession of a firearm by certain persons in case number 2012-0947 ("0947"), see Document 9, Exhibit 4; and

5. one count of first degree murder in case number 2012-2946 ("2946"), see Document 9, Exhibit 5.

Clay was subsequently sentenced in 2946 in Pulaski County Circuit Court, First Division, but was sentenced in the remaining cases in Pulaski County Circuit Court, Fourth Division. See Document 1 at CM/ECF 15. The sentencing orders in all five cases were entered on the docket on the same date but were not so entered until July 23, 2014. See Document 1 at CM/ECF 15.

On October 3, 2014, Clay filed a single state trial court petition for post-conviction relief in 2654, 2489, 2532, 0947, and 2946. See Document 9, Exhibit 6. In the petition, he challenged, inter alia, his competency to enter intelligent pleas of nolo contendere and his trial attorneys' representation. The trial judge in Pulaski County Circuit Court, Fourth Division, denied the petition with respect to 2654, 2489, 2532, and 0947 on January 14, 2015. See Document 1 at CM/ECF 15-17. As to Clay's challenge to his competency to enter an intelligent plea, the trial judge found the following:

> The record of the plea hearing held in First Division on July 14, 2014, clearly indicates that [Clay's] plea was entered intelligently and voluntarily with the assistance of competent counsel. [Clay] first indicated his assent to entering the pleas for both divisions' cases in First Division. [He] repeatedly answered "yes" in open court for all these cases when he was asked if he understood what he was charged with, what the penalty range was, and that he was being charged as a habitual offender. [He] signed five plea statements-one for each case. He checked boxes and initialed on those statements that he understood he was waiving his right to a jury and that the State could meet its burden of proving his guilt if the case went to trial. [Clay] also initialed on the plea statement that he had discussed his case(s) fully with his attorney, was satisfied with their services, that he fully understood what he was being charged with, and that his plea had not been induced by any force, threat, or promise apart from the plea agreement.

See Document 1 at CM/ECF 16. The trial judge in Pulaski County Circuit Court, First Division, denied Clay's petition with respect to 2946 but did not do so until November 12, 2015. See Document 1 at CM/ECF 31-34. The trial judge found no merit to Clay's challenge to his competency to enter an intelligent plea of nolo contendere.

Clay attempted to appeal the denial of his petition for post-conviction relief in

2654, 2489, 2532, and 0947; he did not appeal the denial of his petition in 2946. When he "tendered the record for appeal, [the Arkansas Supreme Court Clerk] declined to lodge it because the notice of appeal was not timely filed." See Document 1 at CM/ECF 28. Clay then filed a motion for belated appeal on June 23, 2015. The Arkansas Supreme Court denied the motion on October 1, 2015, finding in part the following:

> Arkansas Rule of Appellate Procedure-Criminal 2(a) (2014) requires that a notice of appeal be filed within thirty days of the date that the order denying the postconviction petition was entered. The tendered record indicates that the order denying Rule 37.1 relief was entered on January 14, 2015, in all four cases. Clay's notice of appeal must therefore have been filed no later than Friday, February 13, 2015. The notice of appeal for the four cases was filed on February 18, 2015. As our clerk determined, the notice was indeed filed late. Because Clay fails to show good cause for the procedural default, we deny the motion for belated appeal.

See Document 1 at CM/ECF 28-29.

II. FEDERAL COURT PROCEEDINGS. Clay commenced the case at bar on July 13, 2016, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, Clay challenged his pleas of nolo contendere in 2654, 2489, 2532, and 0947. He did not challenge his plea of nolo contendere in 2946. He offered the following three reasons why his pleas should be set aside in 2654, 2489, 2532, and 0947:

(A) his trial attorneys were ineffective because they failed to ensure that Clay understood the consequences of pleading nolo contendere,

(B) Clay's confession was coerced by officers with the Little Rock Police Department, and

(C) his trial attorneys were ineffective because they failed to discuss the consequences of pleading nolo contendere with Clay's mother.

Respondent Wendy Kelley ("Kelley") filed a response to the petition and maintained that it should be dismissed. She maintained that the petition is time barred, Clay's claims are procedurally barred from federal court review, and, alternatively, his challenge to his confession was waived by his pleas of nolo contendere.

Clay filed a reply to Kelley's response. In the reply, Clay alleged the following:

> The reason my petition was time barred, I'm in need of counsel to preserve the issue. I have special education due to learning disabilities and was mentally impaired to prepare my pro se filings. I have been obliged to rely on the assistance of fellow inmates. I am asking the court for a Amended Brief. I challenge my convictions in all cases.

See Document 11 at CM/ECF 1.

The undersigned thereafter requested and obtained briefs from the parties on the question of when the petition at bar should be deemed to have been filed. See Document 12. The undersigned also requested and obtained a transcript of the hearing during which Clay pleaded nolo contendere. Finally, the undersigned requested a copy of the complete psychological evaluation prepared by Dr. J. Michael Wood, but Kelly was unable to produce a copy of that evaluation. Kelley instead filed a copy of Clay's forensic evaluation performed at the Arkansas State Hospital prior to entering his pleas.

Having thoroughly reviewed the parties' pleadings and exhibits, the undersigned finds that Clay's petition should be denied and this case dismissed. The undersigned so

finds for the following three reasons.

III. <u>LIMITATIONS</u>. A state prisoner has one year during which he can file a petition pursuant to 28 U.S.C. 2254. If he does not file a petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the beginning of the one year limitations period, only two of which need be addressed.

28 U.S.C. 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim constitutes the vital facts underlying it. <u>See</u> <u>Earl v. Fabian</u>, 556 F.3d 717 (8th Cir. 2009).

Clay maintains that he suffers from a mental and/or intellectual impairment, and the impairment prevented him from discovering the factual predicate of his claims until now. Such an assertion is not supported by the facts. The trial judge in 2654, 2489, 2532, and 0947 found that Clay was not suffering from a mental and/or intellectual impairment at the time he pleaded <u>nolo contendere</u>, and the record supports the trial judge's finding. Clay knew, or should have known, of the claims at bar on the day he entered his pleas. It is also worth noting that he appears to have raised the claims at bar in his state trial court petition for post-conviction relief, a submission he filed approximately eighty-one days after entering his pleas. 28 U.S.C. 2244(d)(1)(D) is thus inapplicable in this instance.

The applicable triggering event or date is found at 28 U.S.C. 2244(d)(1)(A). It provides that the limitations period shall run from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review." Although a defendant who pleads nolo contendere in the State of Arkansas is generally barred from appealing, the judgment is nevertheless deemed to become final by the expiration of the time for appealing, i.e., thirty days. See Camacho v. Hobbs, 774 F.3d 931 (8th Cir. 2015).

Clay pleaded nolo contendere in 2654, 2489, 2532, and 0947 on July 14, 2014. Kelley maintains that the thirty day period recognized in Camacho v. Hobbs commenced on that date and concluded on August 13, 2014, at which time Clay's convictions became final. The sentencing orders in the cases, though, were not entered on the docket until July 23, 2014. Because his appeal time did not begin until that day, the undersigned finds that the thirty day period began on July 23, 2014. The thirty day period therefore concluded, and Clay's convictions became final, on August 22, 2014. The limitations period began the next day, and Clay had until August 22, 2015, to file a timely petition pursuant to 28 U.S.C. 2254 unless there was a reason for extending the deadline.[1]

Clay filed the petition at bar on July 13, 2016. He did not sign his petition, though. Instead, fellow inmate Jessie Buchannan ("Buchannan") represented in an affidavit

---

[1] Kelley maintains that Clay's convictions became final on August 13, 2014. She acknowledges that the one year period was tolled during the pendency of his state trial court petition for post-conviction relief and assumes that the one year period was also tolled during the pendency of his state appellate court motion for belated appeal. Taking into account those excludable periods, Kelley twice maintains that Clay had until March 4, 2015, to file a timely petition pursuant to 28 U.S.C. 2254. See Document 9 at CM/ECF 3-4, Document 14 at 3. In so maintaining, she observes the following: "when the belated appeal motion was denied on October 1, 2015, he had 154 days remaining or until March 4, 2015, to file his federal habeas petition. See Document 9 at CM/ECF 3-4. [Emphasis added]. 154 days from October 1, 2015, though, is not March 4, 2015, but is on or about March 4, 2016.

signed on July 27, 2015, and attached to the petition that he assisted Clay in preparing the petition. See Document 1 at CM/ECF 13. The question for the undersigned is whether July 27, 2015, i.e., the day on which Buchannan signed the affidavit, can be deemed to be the filing date of the petition at bar.

Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts provides the following with respect to inmate filings:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by declaration in compliance with 28 U.S.C. 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

The inmate bears the burden of proving his entitlement to what is known as the "mailbox rule." See Porchia v. Norris, 251 F.3d 1196 (8th Cir. 2001).

Applying the foregoing to the facts of this case, the undersigned finds that Clay has failed to prove his entitlement to the benefits of the "mailbox rule." He has failed to allege that his institution has a separate legal mailing system and, if so, that he used the system in mailing the petition at bar to the Clerk of the Court. Clay has also failed to attach an affidavit or a notarized statement setting forth the date on which he might have placed his petition in the institutional's mailing system and that first-class postage for the petition was prepaid. The affidavit signed by Buchannan on July 27, 2015, simply

establishes that Buchannan assisted Clay in preparing the petition.[2] The affidavit contains no representation as to when the petition was actually deposited for mailing. Thus, the record is bereft of any allegation, let alone any evidence, to support the application of the "mailbox rule," and July 27, 2015, cannot be deemed to be the filing date of the petition at bar.

Clay's petition was filed on July 13, 2016, or approximately 690 days after his convictions became final and well outside the one year period for filing a timely petition pursuant to 28 U.S.C. 2254. In light of that fact, the following two questions arise: first, are there periods of time that can be excluded from the 690 day period, possibly making the petition timely; and second, assuming there are insufficient periods of such time, is equitable tolling appropriate?

With regard to the first question, 28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief or other collateral review is pending shall not be counted toward the limitations period. Kelley concedes in her response that Clay's state trial court petition for post-conviction relief was a properly filed application for post-conviction relief or other collateral review and concedes that the period it was pending in the state trial court should not be counted toward the limitations periods.

Clay filed a single state trial court petition for post-conviction relief challenging

---

[2] Clay has failed to explain why the affidavit was signed on July 27, 2015, but the petition was not filed with the Clerk of the Court for almost another year.

his pleas of nolo contendere in 2654, 2489, 2532, and 0947 on October 3, 2014. The trial judge in Pulaski County Circuit Court, Fourth Division, denied the petition on January 14, 2015. The petition was thus pending for approximately 103 days, and that period must be excluded from the 690 day period.[3]

Clay did not timely appeal the denial of his state trial court petition for post-conviction relief challenging 2654, 2489, 2532, and 0947. He did, though, file a motion for belated appeal on June 23, 2015, but it was denied on October 1, 2015. Kelley assumes for purposes of her response that the limitations period was tolled during the pendency of the motion for belated appeal, and the undersigned will do likewise. The motion was pending for approximately one hundred days, and that period will also be excluded from the 690 day period.

There are no other excludable periods, and a total of 203 days must be excluded from the 690 day period. Thus, there were approximately 487 "countable" days between the day the limitations period commencement and the day Clay filed the petition at bar. Because the "countable" days exceed one year, the question becomes whether equitable tolling is appropriate.

In Finch v. Miller, 491 F.3d 424 (8th Cir. 2007), the Court of Appeals identified the

---

[3] In Clay's state trial court petition for post-conviction relief, he also challenged his plea of nolo contendere in 2946. The trial judge in Pulaski County Circuit Court, First Division, denied the petition in 2946 but did not do so until November 12, 2015, or almost ten months after the judge in Pulaski County Circuit Court, Fourth Division, denied the petition in 2654, 2489, 2532, and 0947. Although using November 12, 2015, as the date for re-starting the one year limitations period would be of much benefit to Clay, that date cannot be used for one reason: the petition at bar does not involve a challenge to 2946.

circumstances under which equitable tolling is appropriate. They are as follows:

> To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. … Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. … Equitable tolling is an exceedingly narrow window of relief. …

See Id. at 427-428.

Clay acknowledges in his response that his petition is time barred but asks that it nevertheless be considered for the following reasons: "I'm in need of counsel to preserve the issue. I have special education due to learning disabilities and was mentally impaired to prepare my pro se filings. I have been obliged to reply on the assistance of fellow inmates. I am asking the court for [an] Amended Brief. I challenge my convictions in all cases." See Document 11 at CM/ECF 1.

The undersigned finds that equitable tolling is not warranted because Clay has failed to show that an extraordinary circumstance prevented him from filing a timely petition. The undersigned so finds for two reasons. First, although he undoubtedly has a low IQ, he has failed to show that his mental and/or intellectual impairment prevented him from entering intelligent pleas of nolo contendere in 2654, 2489, 2532, and 0947. The forensic services staff at the Arkansas State Hospital found that Clay had the capacity to understand the proceedings against him and to effectively assist his attorney in his own defense. See Document 19, Exhibit 9. He has failed to rebut that finding.

Moreover, approximately eighty-one days after pleading nolo contendere, Clay challenged his competency to enter the pleas. He has failed to explain how he could have been incompetent at the time he entered his pleas but competent eighty-one days later. The trial judge in 2654, 2489, 2532, and 0947 made specific findings of fact rejecting the challenge, see Document 1 at CM/ECF 16, and Clay has offered nothing to rebut the presumption of correctness afforded those findings. See 28 U.S.C. 2254(e).[4]

Second, the undersigned knows of no support for the proposition that trial counsel is obligated to inform the client of the one year deadline for filing a petition pursuant to 28 U.S.C. 2254, and Clay had no right to counsel at the post-conviction stage. See Cox v. Burger, 398 F.3d 1025 (8th Cir. 2005). Moreover, Clay's pro se status is not an extraordinary circumstance, nor is his lack of legal knowledge or resources. See Kreutzer v. Bowersox, 231 F.3d 460 (8th Cir. 2000).[5]

Although equitable tolling is not warranted, Clay's petition may nevertheless be considered if he can satisfy the miscarriage of justice/actual innocence exception. See McQuiggin v. Perkins, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). The exception provides that the limitations bar will be lifted if a petitioner presents new evidence

---

[4] It is also worth noting that the trial judge in 2946 also found that Clay was competent to enter a plea of nolo contendre.

[5] Clay appears to ask that he be allowed to amend his petition to include a challenge to 2946. His request is not responsive to the issues raised by Kelley in her response. To the extent Clay's request should be considered, it should be and is denied. He has not identified the claims he desires to raise with respect to 2946, and the claims he advances in the petition at bar do not warrant relief. In any event, he can present his challenge to 2946 in a separate habeas corpus proceeding filed pursuant to 28 U.S.C. 2254.

affirmatively demonstrating he is innocent of the crime for which he was convicted. See Murphy v. King, 652 F.3d 845 (8th Cir. 2011).

The undersigned is not persuaded that the limitations bar should be lifted and Clay allowed to proceed. The undersigned so finds because Clay has failed to produce new evidence affirmatively demonstrating he is innocent of the crimes for which he pleaded nolo contendere. The evidence he offers merely goes to his competency to enter his pleas, his attorneys' supposed ineffectiveness, and the voluntariness of a confession he apparently gave to officers with the Little Rock Police Department.

In conclusion, Clay did not file the petition at bar within one year of his convictions becoming final. He has failed to offer a valid reason for excusing or overlooking his failure to file a timely petition. The undersigned therefore recommends that his petition be dismissed because it is time barred.

IV. PROCEDURAL BAR. Kelley also maintains that Clay's petition should be dismissed because the claims contained in it are procedurally barred from federal court review. Kelley so maintains because Clay failed to properly present them to the state courts of Arkansas. Although Clay's petition is barred by limitations, the undersigned will address Kelley's assertion of procedural bar.[6]

The undersigned accepts that Clay presented the claims at bar to the state courts

---

[6] "Competency issues are subject to procedural bar." See Lyons v. Luebbers, 403 F.3d 585 (8th Cir. 2005). Although there is authority to the contrary, see Ryan v. Clarke, 387 F.3d 785 (8th Cir. 2004), the contrary authority is inapplicable in this instance because Clay raised competency issues in his state trial court petition for post-conviction relief.

of Arkansas in his state trial court petition for post-conviction relief. The petition was denied, and he did not file a timely appeal. He filed a motion for belated appeal, but the motion was denied. His failure to timely appeal prevented the state courts from addressing the claims, and he has therefore procedurally defaulted the claims. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998). The only questions are whether he can show cause for his procedural default and, if not, whether a fundamental miscarriage of justice will occur if the claims are not considered.

Clay appears to offer his lack of competency as cause for his procedural default. His assertion has no merit. He has failed to show that his mental and/or intellectual impairment prevented him from entering intelligent pleas of nolo contendere in 2654, 2489, 2532, and 0947. The forensic services staff at the Arkansas State Hospital found that Clay had the capacity to understand the proceedings against him and to effectively assist his attorney in his own defense. See Document 19, Exhibit 9. The trial judge accepted Clay's pleas in those cases but did so only after establishing that his pleas were knowingly and voluntarily entered. See Document 19, Exhibit 10. Approximately eighty-one days later, Clay challenged his competency to enter the pleas by filing a state trial court petition for post-conviction relief. He has failed to explain how he could have been incompetent at the time he entered his pleas but competent eighty-one days later. In any event, the trial judge made specific findings of fact rejecting Clay's challenge, and Clay has offered nothing to rebut the presumption of correctness afforded those findings.

Clay also appears to offer his trial attorneys' ineffectiveness as cause for the

-14-

procedural default. Ineffective assistance of counsel can, in certain limited circumstances, serve as cause for a procedural default.[7] In this instance, though, there is no evidence he received ineffective assistance of counsel.

Clay maintains that his trial attorneys were ineffective because they failed to ensure Clay understood the consequences of pleading nolo contendere. The transcript of the hearing during which Clay pleaded nolo contendere establishes otherwise. The transcript reflects that Clay acknowledged understanding the charges against him, the range of punishment, the rights he was waiving by pleading nolo contendere, and the facts supporting the charges. See Document 19, Exhibit 9. He acknowledged that the State of Arkansas could prove the facts alleged, and he did not wish to challenge them. The trial judge found that Clay also completed plea statements in 2654, 2489, 2532, and 0947. See Document 1 at CM/ECF 15-17. The trial judge found that Clay acknowledged in the plea statements to having discussed his cases fully with his attorneys, to being satisfied with their services, and to not being induced to plead by force, threat, or promise "apart from [a] plea agreement." See Document 1 at CM/ECF 16.

Clay also maintains that his trial attorneys were ineffective because they failed

---

[7] Ineffective assistance of post-conviction counsel can excuse the procedural default of a "substantial claim of ineffective assistance of counsel at trial." See Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 1320, 182 L.E.2d 272 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.") Claims of ineffective assistance of counsel are analyzed pursuant to the two-part standard announced in Strickland v. Washington, 466 U.S. 668 (1984). The standard requires the petitioner to show that counsel's performance fell below objective standard of reasonableness and that the petitioner was prejudiced.

to discuss the consequences of pleading <u>nolo contendere</u> with Clay's mother. The undersigned knows of no authority to support the proposition that the family members of a defendant must be consulted before he may enter a knowing and voluntary plea of <u>nolo contendre</u>.

Clay appears to also maintain that he is actually innocent and a fundamental miscarriage of justice will occur if the claims at bar are not considered. Although not true cause for a procedural default, a showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of a procedurally barred claim. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. <u>See</u> <u>Id</u>. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>See</u> <u>Id</u>. at 327. Here, Clay has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." <u>See</u> <u>Abdi v. Hatch</u>, 450 F.3d 334, 338 (2006).

In summary, the undersigned finds that Clay failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are therefore procedurally barred from federal court review, and his petition should also be dismissed for that reason.

V. <u>MERITS</u>. Kelley additionally maintains that Clay's petition should be dismissed

because his challenge to his confession was waived by his pleas of nolo contendere. Although Clay's petition is barred by limitations and the claims contained in it are procedurally barred from federal court review, the undersigned will briefly address Kelley's assertion.

A guilty plea is "an admission of guilt that waives all non-jurisdictional defects." See United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007). "Stated differently, a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence." See Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997) [internal quotations omitted]. A plea of nolo contendere is viewed likewise, that is, "a plea of nolo contendere is an admission of guilt that waives all non-jurisdictional defects and defenses." See United States v. Jones, 479 F.3d 975, 978 (8th Cir. 2007).

Here, Clay pleaded nolo contendere in 2654, 2489, 2532, and 0947. Because he did so, he waived his right to challenge the voluntariness of his confession in a proceeding pursuant to 28 U.S.C. 2254. See Thorne v. Purkett, 2008 WL 4104535 (E.D.Mo. 2008) [citing United States v. Broce, 488 U.S. 563 (1989), and Tollett v. Henderson, 411 U.S. 258 (1973)]. The challenge to his confession therefore warrants no relief.[8]

VI. RECOMMENDATION. On the basis of the foregoing, the undersigned finds that

---

[8] The undersigned has also found, and again finds, that Clay's challenges to his trial attorneys' representation warrants no relief. His pleas of nolo contendere were not involuntary, and his attorneys were not required to consult with his mother before he pleaded.

Clay's claims warrant no relief. It is recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

    DATED this 1st day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE